# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Case No: 3:20-cv-00234

| | |
|---|---|
| BOHLER ENGINEERING NC, PLLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH 44 PROPERTY MANAGEMENT, INC<br><br>Defendant. | **COMPLAINT** |

Plaintiff Bohler Engineering NC, PLLC, complaining of the Defendant North 44 Property Management, Inc., alleges the following:

## PRELIMINARY STATEMENT

1. This is an action to recover over $230,000 in unpaid invoices owed by North 44 for engineering and related services performed by Bohler for North 44 and its affiliate, Mpire Capital Corporation.

2. Under a written agreement and series of amendments, Bohler provided engineering services to Mpire Capital from approximately March to November 2018 in connection with a real estate development project in Matthews, North Carolina.

3. By early 2019, Mpire Capital requested that its obligations and right to receive services under the contract be assigned to North 44, a company which is owned and operated by the same people that own and operate Mpire Capital, and a written assignment from Mpire Capital to North 44 was executed around this time.

4. Bohler continued to provide services to North 44 in connection with the same real estate development project as Bohler had provided services to Mpire Capital

1

and did so per the terms of the written agreement, as assigned to North 44, as well a series of additional amendments entered into with North 44.

5. As of the date of this Complaint, Bohler has issued invoices for services rendered to Mpire Capital and North 44 totaling over $230,000 for which payment is due and owed by North 44 but has not been made by North 44.

6. Bohler therefore brings this lawsuit to recover damages for North 44's breach of contract and unjust enrichment by its failure to pay Bohler for its services, as well as for an award of interest, costs, and attorneys' fees.

## PARTIES

7. Plaintiff Bohler Engineering NC, PLLC is a limited liability company organized under the laws of the State of North Carolina with its principal office located at 4130 Parklake Avenue, Suite 130, Raleigh, North Carolina 27612.

8. Upon information and belief, Defendant North 44 Property Management, Inc. is a corporation incorporated under the laws of Canada with its principal office located at 7800 Kennedy Road, Suite 404, Markham, Ontario, ON L3R 2C7.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over North 44 pursuant to N.C. Gen. Stat. § 1-75.4 as North 44 has and continues to conduct business and engage in substantial activity in North Carolina, and, as alleged more particularly elsewhere in the Complaint, this lawsuit arises from services performed by Bohler in North Carolina and promises by North 44 to pay for those services. In addition, North 44 is registered

2

Case 3:20-cv-00234-RJC-DSC    Document 1    Filed 04/20/20    Page 2 of 11

to do business in North Carolina and maintains a registered agent with an address in Charlotte, North Carolina.

10. Subject matter jurisdiction exists under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, as described more particularly elsewhere in the Complaint and because this action is between a citizen of a state and a citizen or subject of a foreign state.

11. Bohler, based on the citizenship of its members, is a citizen of Massachusetts, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, and Virginia.

12. North 44, based on its place of incorporation and principal place of business, is a citizen or subject of Canada.

13. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, as alleged more particularly elsewhere in the Complaint.

14. This action is commenced within all applicable statutes of limitations or repose.

15. All conditions precedent to the bringing of this action have occurred, been performed, or are otherwise fulfilled.

## RELEVANT BACKGROUND

16. On or about March 29, 2018, Bohler and Mpire Capital (aka Mpire Capital Corp, LLC, aka Empire Capital Corporation) entered into a Contract for Professional Planning and Civil Engineering Services (the "Original Contract"). A

true and correct copy of the Original Contract is attached as **Exhibit A** and incorporated by reference as part of this Complaint.

17. On or about June 25, 2018, Bohler and Mpire Capital entered into Contract Addendum #1 for additional Services, (the "First Amendment").

18. On or about July 26, 2018, Bohler and Mpire Capital entered into Contract Addendum #2 for additional Services, (the "Second Amendment").

19. On or about August 17, 2018, Bohler and Mpire Capital entered into Contract Addendum #3 for additional Services, (the "Third Amendment").

20. On or about September 20, 2018, Bohler and Mpire Capital entered into Contract Addendum #4 for additional Services, (the "Fourth Amendment").

21. On or about November 2, 2018, Bohler and Mpire Capital entered into Contract Addendum #5 for additional Services, (the "Fifth Amendment").

22. True and correct copies of the First Amendment, Second Amendment, Third Amendment, Fourth Amendment, and Fifth Amendment are attached as **Exhibit B** and incorporated by reference as part of this Complaint.

23. In early 2019, by an undated Assignment of Contract, Mpire Capital assigned its rights and obligations under the Original Contract to North 44 (the "Assignment"). A true and correct copy of the Assignment is attached as **Exhibit C** and incorporated by reference as part of this Complaint.

24. Under the terms of the Assignment, North 44 and Mpire Capital acknowledged there were "Outstanding Invoices" with amounts owed to Bohler for Services provided under the Contract, and they "warranted and represented" that

North 44 "has the financial resources to meet all of Mpire's past, present, and future financial and other obligations under the Contract." *See* Assignment, Ex. C at 1.

25. In addition, North 44 and Mpire Capital represented and agreed that North 44 is "responsible for all of Mpire's duties, obligations, responsibilities and covenants set forth in the Contract including also the obligation to pay for all Services and reimbursable expenses, performed or incurred prior to or after the Assignment Date and, of course, including payment of the Outstanding Invoices." *Id.* And "North 44 agrees specifically to be bound by the Payment Provision in the Contract." *Id.*

26. North 44 and Mpire Capital also acknowledged that Bohler was "relying upon their representations as set forth herein in agreeing to this Assignment of Contract." *Id.*

27. On or about April 3, 2019, Bohler and North 44 entered into Contract Addendum #6 for additional Services, (the "Sixth Amendment"). The Sixth Amendment had been issued to Mpire Capital in November 2018 and was reissued to North 44 in March 2019, after the Assignment, and was executed by North 44 on April 3, 2019.

28. In the meantime, on or about February 7, 2019, Bohler and North 44 entered into Contract Addendum #7 for additional Services, (the "Seventh Amendment").

29. On or about April 9, 2019, Bohler and North 44 entered into Contract Addendum #8 for additional Services, (the "Eighth Amendment").

30. On or about July 8, 2019, Bohler and North 44 entered into Contract Addendum #9 for additional Services, (the "Ninth Amendment").

31. On or about October 21, 2019, Bohler and North 44 entered into Contract Addendum #10 for additional Services, (the "Tenth Amendment").

32. On or about January 9, 2020, Bohler and North 44 entered into Contract Addendum #11 for additional Services, (the "Eleventh Amendment").

33. True and correct copies of the Sixth Amendment, Seventh Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, and Eleventh Amendment are attached as **Exhibit D** and incorporated by reference as part of this Complaint.

34. Collectively, the Original Contract, First Amendment, Second Amendment, Third Amendment, Fourth Amendment, Fifth Amendment, Assignment, Sixth Amendment, Seventh Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, and Eleventh Amendment constitute the entire agreement between the parties (the "Agreement").

35. Per the terms of the Agreement, Bohler agreed to provide certain professional planning and civil engineering services (the "Services") in connection with the real estate development project on property located at 15040 Idlewild Road, Matthews, NC 28104.

36. Pursuant to the terms of the Agreement, North 44 agreed to pay Bohler for performing those Services as set forth in the Agreement.

37. Bohler performed all Services required of it under and pursuant to the Agreement and did so in accordance with the engineering standard of care and consistent with all applicable rules, regulations, statutes, and the like.

38. North 44 accepted and received the value and benefit of all Services Bohler performed pursuant to the Agreement and did so without objection or complaint.

39. On October 21, 2019, Bohler issued North 44 Invoice Number 10012176 in the amount of $55,327.67.

40. North 44 retained Invoice 10012176 without objection or dispute.

41. North 44 has not issued payment for any part of Invoice Number 10012176.

42. On November 20, 2019, Bohler issued North 44 Invoice Number 10012503 in the amount of $60,420.60.

43. North 44 retained Invoice 10012503 without objection or dispute.

44. North 44 has not issued payment for any part of Invoice Number 10012503.

45. On December 20, 2019, Bohler issued North 44 Invoice Number 10012810 in the amount of $56,114.65.

46. North 44 retained Invoice 10012810 without objection or dispute.

47. North 44 has not issued payment for any part of Invoice Number 10012810.

48. On January 20, 2020, Bohler issued North 44 Invoice Number 10013015 in the amount of $37,810.61.

49. North 44 retained Invoice 10013015 without objection or dispute.

50. North 44 has not issued payment for any part of Invoice Number 10013015.

51. On February 20, 2020, Bohler issued North 44 Invoice Number 10013505 in the amount of $23,175.33.

52. North 44 retained Invoice 10013505 without objection or dispute.

53. North 44 has not issued payment for any part of Invoice Number 10013505.

54. True and correct copies of Invoice Nos. 10012176, 10012501, 10012810, 10013015, and 10013505 are attached as **Exhibit E**.

55. The total amount of these five unpaid invoices issued to North 44 is $232,848.86.

## FIRST CAUSE OF ACTION
### Breach of Contract

56. Bohler repeats and realleges the allegations of all other paragraphs of the Complaint as if fully set forth in this paragraph.

57. The Agreement is a valid contract between Bohler and North 44.

58. Bohler provided Services under the Agreement and issued North 44 five separate Invoices seeking payment of amounts owed totaling $232,848.86.

59. North 44 breached the Agreement by failing to pay the Invoices issued by Bohler and retained by North 44 without objection or dispute.

60. As a result of North 44's breach of the Agreement, Bohler has been damaged and seeks to recover the following amounts for each Invoice:

- Invoice Number 10012176: $55,327.67, plus interest commencing on November 20, 2019 at the contract rate of one percent (1%) per month;

- Invoice Number 10012503: $60,420.60, plus interest commencing on December 20, 2019 at the contract rate of one percent (1%) per month;

- Invoice Number 10012810: $56,114.65, plus interest commencing on January 19, 2020 at the contract rate of one percent (1%) per month;

- Invoice Number 10013015: $37,810.61, plus interest commencing on February 19, 2020 at the contract rate of one percent (1%) per month; and

- Invoice Number 10013505: $23,175.33, plus interest commencing on March 21, 2020 at the contract rate of one percent (1%) per month.

61. In addition, per the terms of the Agreement, Bohler seeks recovery of all collection costs, including, but not limited to, court costs, reasonable attorneys' fees, staff time, administrative time, in-house counsel time, and any other related expenses in connection with Bohler's recovery of the amounts owed by North 44.

## SECOND CAUSE OF ACTION
### Unjust Enrichment/Quantum Meruit

62. Bohler repeats and realleges the allegations of all other paragraphs of the Complaint as if fully set forth in this paragraph.

63. Bohler provided and performed the Services to and for North 44.

64. In doing so, Bohler conferred valuable engineering, analysis, survey, location, design, zoning, planning, and construction administration services to North

44, as more particularly described throughout the Agreement, in connection with the real estate development project being performed by North 44.

65. Bohler did not confer these benefits to North 44 gratuitously or officiously.

66. North 44 consciously accepted and retained the benefits conferred by Bohler.

67. The benefits conferred by Bohler are measurable based on the time spent, materials used, the hourly rates and fees charged for the services, as well as expenses incurred by Bohler in providing the services, all as more particularly described in the Agreement. The reasonable value of these benefits is $232,848.86, as described in the Invoices issued by Bohler.

68. As an alternative to its claim for breach of contract, in the event the Agreement is invalid or unenforceable in any respect, Bohler seeks recovery of the value of benefits it conferred on North 44, pursuant to the doctrine of unjust enrichment or *quantum meruit*, in an amount no less than $232,848.86, plus interest, costs and fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bohler Engineering NC, PLLC respectfully prays for the following relief from the Court:

(i) That judgment be entered against Defendant and in favor of Plaintiff for breach of contract and awarding Plaintiff actual damages of $232,848.86;

(ii) In the alternative, that judgment be entered against Defendant and in favor of Plaintiff for unjust enrichment in an amount equal to the value of benefits conferred or $232,848.86, whichever is greater;

(iii) That Plaintiff be awarded prejudgment interest at the contract rate of one percent (1%) per month, as applicable to each unpaid Invoice, or alternatively, at the legal rate of eight percent (8%) annually under

North Carolina law, as well as post-judgment interest in an amount to be determined;

(iv) That Plaintiff be awarded, and Defendants be taxed for, all court costs and costs of collection associated with this matter, as permitted by the law and/or the terms of the parties' contract, including reasonable attorneys' fees;

(v) For such additional or other relief as the Court deems just and proper.

This the 20th day of April 2020.

**MAINSAIL LAWYERS**

*/s/ David G. Guidry*
David G. Guidry
N.C. State Bar No. 38675
dguidry@mainsaillawyers.com
338 South Sharon Amity Road, # 337
Charlotte, North Carolina 28211
Tel: 917.376.6098
Fax: 888.501.9309

Kellam Warren
N.C. State Bar No. 26811
Kellam@mainsaillawyers.com
161 Kimberly Avenue
Asheville, NC 28804
Tel: (919)238-4088
Fax: 888.501.9309

*Counsel for Plaintiff Bohler Engineering NC, PLLC*