# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00234-RJC-DSC

| | |
|---|---|
| BOHLER ENGINEERING NC PLLC, **Plaintiff,** v. NORTH 44 PROPERTY MANAGEMENT INC., **Defendant.** | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings," Doc. 10, and Defendant's "Motion for Judgment on the Pleadings," Doc. 12, as well as the parties' briefs and exhibits. Docs. 11, 15 and 16.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's and Defendant's Cross-Motions for Judgment on the Pleadings be <u>denied</u>, as discussed below.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a contract for engineering services between Plaintiff, a North Carolina planning and civil engineering services company, and Defendant North 44, a Canadian property management company. Under the terms of a Contract for Professional Planning and Civil Engineering Services (the "Original Contract") between Plaintiff and Mpire Capital, Plaintiff provided engineering services to Mpire Capital from March to November 2018 in

connection with a real estate development project in Matthews, North Carolina. In early 2019, Mpire Capital assigned its rights and obligations, including outstanding invoices under the Original Contract, to Defendant.

In January 2020, the parties signed a "Payment Understanding." The Payment Understanding provides as follows:

> "**At closing on or around February 19th**
>
> ALL outstanding invoices at that time will be paid at the closing table. It is understood that the closing is dependent on the Marsh plat being recorded, and that a slight change to this date may impact timing of payment.
>
> If any of these dates are missed for the wire transfers noted, the stop work order will go back into effect immediately.
>
> The full terms and conditions of the original contract remain in effect."

See Payment Understanding, Answer, Ex. 1.

Between October 2019 and April 2020, Plaintiff submitted seven invoices for engineering services rendered as well as related costs and expenses totaling $251,312.94. These invoices have not been paid.

On April 20, 2020, Plaintiff filed this lawsuit alleging breach of contract by Defendant for failing to pay the invoices in accordance with the Original Contract and Payment Understanding. On July 15, 2020, Plaintiff filed its Motion for Judgment on the Pleadings as to its breach of contract claim. On July 29, 2020, Defendant filed its Motion for Judgment on the Pleadings as to the same claim arguing that payment has not become due under the Payment Understanding.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." Id. at 563.  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard.  First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief.  Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The parties disagree on when payment of the outstanding invoices is due under the terms of the Original Contract and Payment Understanding. Plaintiff argues that by the plain language of the Payment Understanding, Defendant's payments were not conditioned on the closing of the Marsh property, and therefore Defendant has breached the Original Contract. See Doc. 10-1 at p. 9; see also Doc. 15 at p. 11.

Defendant argues that the Payment Understanding "expressly scheduled the payment of Bohler's invoices to take place at the closing of the acquisition of a particular parcel, the Marsh property. There is no dispute that the Marsh closing has not yet taken place. Bohler's complaint is thus premature." Doc. 12-1 at p. 1.

"[W]hen the language of a contract is plain and unambiguous, construction of the language is a matter of law for the court." Mountain Federal Land Bank v. First Union Nat. Bank of North Carolina, 98 N.C. App. 195, 200, 390 S.E.2d 679, 682 (1990). Where the contract language is not "plain and unambiguous," the meaning of its terms is a question for the jury. Dockery v. Quality Plastic Custom Molding, Inc., 144 N.C. App. 419, 422, 547 S.E.2d 863, 852 (2001). "Ambiguity exists where the contract's language is reasonably susceptible to either of the interpretations asserted by the parties." Glover v. First Union National Bank, 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993). "The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous." Dockery, 144 N.C. App. at 422, 547 S.E.2d at 852.

Applying those legal principles to the facts here, the undersigned concludes that the Payment Understanding is ambiguous. The disputed language is susceptible to either of the interpretations asserted by the parties. The Payment Understanding contains an obvious ambiguity that the Court cannot resolve on motions for judgment on the pleadings. See Schrader-Bridgeport Int'l, Inc. v. Arvinmeritor, Inc., No. 3:07-cv-138, 2008 WL 977604, at *12 (W.D.N.C. Apr. 9, 2008) (finding the parties' agreement was ambiguous and denying a motion for judgment on the pleadings without prejudice); see also Golden Triangle #3, LLC v. RMP-Mallard Pointe, LLC, No. 19 CVS 13580, 2020 WL 1650904, at *5 (N.C. Super. Mar. 23, 2020) ("Based on this ambiguity, the Court concludes that judgment on the pleadings is improper under Rule 12(c) and that a determination of the parties' intent through an examination of extrinsic evidence . . . will be necessary to determine the parties' agreement.").

Accordingly, the undersigned respectfully recommends that both Plaintiff's and Defendant's Motions for Judgment on the Pleadings be <u>denied</u> without prejudice.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings," Doc. 10 and Defendant's "Motion for Judgment on the Pleadings," Doc. 12, both be **<u>denied</u> without prejudice.**

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections

to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.   Signed: September 18, 2020

_____
David S. Cayer
United States Magistrate Judge