UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-234-RJC-DSC

| | |
|---|---|
| BOHLER ENGINEERING NC, PLLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NORTH 44 PROPERTY MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 10), Defendant's Memorandum in Opposition, (Doc. No. 11), Defendant's Motion for Judgment on the Pleadings, (Doc. No. 12), Plaintiff's Response, (Doc. No. 15), Defendant's Reply, (Doc. No. 16), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 17), recommending that this Court deny both motions without prejudice, and Defendant's Objection to the M&R, (Doc. No. 18).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make

1

a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III. DISCUSSION

A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Plaintiff has filed no objection to the M&R, and the time for doing so having passed, the Plaintiff has waived its right to de novo review of any issue covered in the M&R. This Court has reviewed the record and filings, and finding no error, will adopt as its own opinion the portions of the M&R related to Plaintiff's motion. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note). Therefore this Court will deny without prejudice Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 10.).

Turning to the objection, Defendant objects to the M&R and requests that this Court reject the Magistrate Judge's findings and recommendations a) that the January 9, 2020 Agreement was ambiguous, and b) that Defendant's Motion for Judgment should be denied on this basis. (Doc. No. 18 at 3.) Defendant argues that

2

the mere fact of disagreement between the parties does not inherently create contractual ambiguity, so long as a plain reading of the contested provisions create no inconsistency or puzzling results, and give effect to all terms of the clauses. (Doc. No. 18 at 3–4, citing Novant Health, Inc. v. Aetna U.S. Healthcare of Carolinas, Inc., No. 98 CVS 12661, 2001 WL 34054420 (N.C. Super. Mar. 8, 2001).) Defendant believes that the Magistrate Judge merely observed disagreement between the parties over the contract and "quit right there, without further analysis." (Doc. No. 18 at 4.)[1] Furthermore, Defendant argues that at the time the parties reached agreement there was no ambiguity, and that Plaintiff only disagreed about the contract's meaning beginning after February 2015. (Doc. No. 18 at 5.)

"Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution." Premier, Inc. v. Peterson, 232 N.C.App. 601, 755 S.E.2d 56, 59 (N.C. Ct. App. 2014) (quoting Lane v. Scarborough, 284 N.C. 407, 200 S.E.2d 622, 624 (N.C. 1973)). "[W]hen the terms of a contract are plain and unambiguous, there is no room for construction." State v. Philip Morris USA Inc., 363 N.C. 623, 685 S.E.2d 85, 91 (N.C. 2009) (quotation marks omitted). "A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law," Schenkel & Schultz, Inc. v. Hermon F. Fox & Assocs., P.C., 362 N.C. 269, 658 S.E.2d 918, 921 (N.C. 2008), and "the court cannot look beyond the terms of the contract to determine the intentions of the

---

[1] Defendant's objection here misstates the analysis of the M&R. The Magistrate Judge did not suggest that the mere existence of party disagreement renders the contract ambiguous; rather, the Magistrate Judge determined that the disputed language contained an ambiguity on its face and is susceptible to either interpretation asserted by the parties. Regardless, this Court has undertaken a *de novo* review of the provision in question.

3

parties," Lynn v. Lynn, 202 N.C.App. 423, 689 S.E.2d 198, 205 (N.C. Ct. App. 2010). "When an agreement is ambiguous and the intention of the parties is unclear, however, interpretation of the contract is for the jury." Schenkel & Schultz, Inc., 658 S.E.2d at 921, 362 N.C. 269. "A contract term is ambiguous only when, in the opinion of the court, the language of the contract is fairly and reasonably susceptible to either of the constructions for which the parties contend." Philip Morris USA Inc., 363 N.C. at 641 (brackets and quotation marks omitted).

Defendant argues that the disputed portion of the parties' agreement is unambiguous. The disputed portion of the parties' agreement – the Payment Understanding – reads as follows:

> <u>At closing on or around February 19th</u>
> ALL outstanding invoices at that time will be paid at the closing table. It is understood that the closing is dependent on the Marsh plat being recorded, and that a slight change to this date may impact timing of payment.
> If any of these dates are missed for the wire transfers noted, the stop work order will go back into effect immediately.
> The full terms and conditions of the original contract remain in effect.

(Doc. No. 6-1.) Defendant argues this provision unambiguously means that Defendant's payment was not due until after the Marsh plat was recorded and closing took place. (Doc. No. 18 at 5–6; Doc. No. 12-1 at 2.) Plaintiff, meanwhile, argues that this provision required that payment for outstanding invoices be made on or around February 19, with the possibility of "a slight change to that date," and that closing of the Marsh property was not a condition of invoice payment. (Doc. No. 10-1 at 6–7.)

Upon *de novo* review, both interpretations of the contract are fair and reasonable interpretations on the face of the agreement. A reasonable person could

4

interpret the contested provision as requiring that a recording of the Marsh property was required before the payment of outstanding invoices, pointing in particular to the provision's label beginning with "at closing," combined with the requirement that invoices be paid "at the closing table" and that "closing is dependent on the Marsh plat being recorded." In combination this could mean that if the Marsh plat has not been recorded, then the invoices are not yet due. Alternatively, however, a reasonable person could also interpret the provision as meaning that the invoices were due on or around February 19 based on the specific use of that phrase in the label, and that the provision only refers to a "slight change to this date" that could impact the timing of the payment. Under this reading the reference to closing and the phrase "closing is dependent on the Marsh plat being recorded" would describe the potential reason for a "slight change" in the payment date, rather than creating a condition precedent to invoice payment. Whether one reading is more natural than the other, both readings are reasonable.

On its face, it is this Court's opinion that "the language of the contract is fairly and reasonably susceptible to either of the constructions for which the parties contend," and is therefore ambiguous. Philip Morris, 363 N.C. at 641. "[W]here an agreement is ambiguous, interpretation of the contract is a question for the fact-finder to resolve . . . ." Routh v. Snap-On Tools Corp., 108 N.C. App. 268, 273, 423 S.E.2d 791, 795 (1992). "The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition." Erickson v. Starling, 235 N.C. 643, 657, 71 S.E.2d 384, 394 (1952). Therefore the Magistrate Judge correctly recommended that this Court deny Defendant's motion without prejudice, as the facial ambiguity of the contested

5

contractual provision creates a question of fact that cannot be appropriately resolved at this stage.

## IV. CONCLUSION

Regarding the aspects of the M&R to which no party objected, the Court has nevertheless conducted an independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law. Regarding the portion of the M&R to which Defendant filed an objection, following an independent review of the M&R, Defendant's Objection thereto, and a *de novo* review of the record, the Court concludes that the M&R's objected-to recommendations are correct and in accordance with law. Accordingly, the findings and conclusions of the Magistrate Judge are accepted.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 17), is **ADOPTED**;
2. Plaintiff's Motion for Judgment on the Pleadings, (Doc. No. 10), is **DENIED without prejudice**; and
3. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 12), is **DENIED without prejudice**.

**SO ORDERED**.

Signed: March 29, 2021

Robert J. Conrad, Jr.
United States District Judge